Harris L. Winns
San, Jose CA.
*Plaintiff, Pro Se*

# United States District Court For the Northern District of California Oakland Division



**HARRIS L. WINNS**
Plaintiff, an Individual
   vs.
**EXELA ENTERPRISE SOLUTIONS, INC., ET AL.**
Defendant, Automation of Business Processes

**Case No.: 20-cv-06762-YGR**
**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

**Conference Date via Zoom Webinar: February 8th, 2021 at 02:00 PM**

**Hon: Yvonne Gonzalez Rogers**

     The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **Jurisdiction & Service:**
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

   The Court has subject matter jurisdiction over all claims. Such jurisdiction is based on federal questions (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. §§§ 1981, 1985, and 28 USC 1331 *inter alia*). Plaintiff Winns did in fact exhaust his administrative remedies with the Equal Employment Opportunity Commission (EEOC) at San Jose, CA. All parties before the Court are subject to the Court's jurisdiction and the Plaintiff is in fact a resident of California. Additionally, all parties have been served and have made an appearance.

# SUMMARY OF CASE

2. **A Brief Description of Facts and Events Underlying the Action:**
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

After submitting numerous complaints to Exela/Novitex's so-called Ethics department regarding a plethora of discriminatory acts; that ranged from an individual within upper management, intentionally manipulating Mr. Winns' accrual of hours, to refusing to pay him equally or fairly as it is done regarding white citizens, in addition to "uttering" to a government agency that the Petitioner was under investigation for reasons unbeknownst to him in a retaliatory and defamatory fashion. Calif. Labor Code § 1102.5(b), USC § 1981(a), 42 USC § 2000e-2(m), Defamation (libel or slander) Cal. Civ. Code § 44; *see also id.* §§ 45–46.

Therefore, on May 8th, 2019, Plaintiff Winns filed an Equal Pay complaint and subsequently, a retaliation complaint as well, with the State of California's Department of Industrial Relations Labor Commissioner's Office, hereafter, (Labor Commission).

Fast forward to September 4th, 2019, at approximately 3:00pm, Mr. Winns telephoned the Labor Commissioner's office for an updated status regarding his submitted complaint and left a voice message to that effect.

On the following morning of September 5th, 2019 at approximately 8:45am, Mr. Winns received a returned voice message from the Commissioner's office. <u>The personnel from the Commissioner's office</u> stated within her voice message at 00:18 seconds mark the following:

- ➢ "Once your claim is assigned to a Deputy, you'll receive a copy of the (Exela's) response, with a copy of the Deputy's contact information."

In regards to the same message, the following is then uttered at the 00:32 seconds mark:
- ➢ "At this point in the investigation, you are anonymous, for that claim, not for the <u>retaliation claim though</u>."

Under California law, "[t]he tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'" *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (quoting 5 B.E. Witkin, *Summary of California Law* § 529, at 782 (10th ed. 2005)). Defamation may be effected by either libel or slander. Cal. Civ. Code § 44; *see also id.* §§ 45–46. (*Kaufman v. Federal Insurance Company, Ninth*

*Cir. June 2020*).

Mr. Winns was never informed of being "involved" an investigation as it was "uttered" by the unknown Labor Commissioner's personnel. Therefore, and once again, Defendant Exela has expressed itself through an act of conspiracy, through its agents, in a manner incongruent with their own said investigation policies; policies of the EEOC relative to investigations and the laws of the United States mentioning "conspiracy" as well. 42 USC 1985(3). So much so, and so frequent, that a reasonable person could easily construe their collective behaviour as teetering on the brink of being considered as voluntary lawbreaker(s).

Due to the slow processing of Mr. Winns' complaint and the secret investigation initiated by Defendant Exela, the Plaintiff expressly withdrew his complain from the Labor Commission Office on September 9th, 2019.

On or about September 24th, 2019, the Plaintiff filed a discrimination, defamation, retaliation and harassment complaint with the Equal Employment Opportunity Office (EEOC) in San Jose, CA.

On September 25th, 2019, the EEOC formally charged Defendant Exela Enterprise with violation California's Equal Pay Act and "discrimination" in general.

On or about November 15th, 2019, Defendant Exela replied to the EEOC's "discrimination" charge. Through Exela's then legal representative, one Justin Heinrich stated in most relevant part: "Based upon the foregoing, the Company respectfully submits that Complainant's allegations of a violation of the Equal Pay Act are without merit. The Company has treated Complainant in a lawful manner at all times. Accordingly, the Company respectfully requests that the meritless Charge be dismissed for lack of reasonable cause."

On April 7th, 2020, the Plaintiff received the following email from Lisa Fung, EEOC Investigator, which stated in most relevant part: "As you are aware, the statement of position in this matter was sent to you, and you were invited to provide a rebuttal response to the employer's position, to include any additional supporting information or documentation you wanted considered as part of the investigation of your charge. If you provided a rebuttal submission, this information and documentation was received and made a part of the EEOC's

investigative file in this matter."

"Based upon an analysis of your charge, the EEOC was unable to establish a violation of its statutes as you had alleged in your charge. My recommended disposition of this matter will now be forwarded for internal management review.  If EEOC management concurs with my recommendation after final review, our office will be terminating its investigation into your allegations and your charge will be dismissed."

On September 24th, 2020, the Plaintiff filed this discrimination complaint at the Northern District Court of California's Oakland Division.

### 3.  Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiff Asserts the Following**:

1) Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-*et seq*. unlawful employment practices, 2000e-3(a) retaliation, 2000e-2(m) "motivating factor", 2)Section 1981 (a) same rights as enjoyed by white citizens, (c) protected against nongovernmental discrimination or impairment, "But-for" causation of injury, 3)Section 1985(2)(3) Intimidation, hindering and conspiracy, no state action required, economic bias 4) Ledbetter Fair Pay Act of 2009 – 29 USC § 206(d)(1)pay rate discrimination by sex, 5) 42 U.S.C. § 2000e-5 (e)(3)(A) each pay check is discriminatory, statute of limitations begins anew 6) Discrimination CA. Gov't Code § *11135(a)*; 7) Intentional Infliction of Emotional Distress; Hostile Work Environment; 8) Retaliation CA. Labor Code 1102.5(b) and Harassment CA. FEHA § 12940 (h)(j), 9) California's Equal Pay Act Labor Code §§ 1197.5 and 432.3 10) Constitutional Violation of Due Process; 11) Defamation (libel or slander) Cal. Civ. Code § 44; *see also id*. §§ 45–46., Calif. Civ. Code, § 2339, Ratification of managerial conduct through neglect.

### 4.  Motions
*All prior and pending motions, their current status, and any anticipated motions.*

22On October 9th, 2020, the Plaintiff's Motion to Proceed In Forma Pauperis was Denied without prejudice by Magistrate Judge Laurel Beeler. (Dkt. #7)

On October 12th, 2020, the Plaintiff's Motion to Change Venue from the San Francisco district to the Oakland district was passively Denied by Magistrate Judge Beeler. This case was initially venued in San Francisco.(Dkt. #8)

On October 13th, 2020, the Plaintiff's motion to Appoint Counsel was Denied by Magistrate Judge Beeler. (Dkt. (#10)

On Oct. 20th 2020, the Plaintiff re-submitted another Motion in an attempt to Proceed In Forma Pauperis. (Dkt. #18)

On October 21st, 2020, the Plaintiff's Motion to Proceed In Forma Pauperis was subsequently Granted by Judge Beeler after initially holding that the Plaintiff's application supposedly harboured "inconsistent information." (Dkt. #19)

On December 18th, 2020, the Plaintiff submitted a Motion to Compel the Defendant to Re-plead or in the alternative, request that the presiding Judge to Strike acting Sua Sponte. This Motion has not been ruled upon as of 1.25.2021. (Dkt. #29)

On December 31st, 2021, the Defendant's representative filed a Motion in Opposition to the Plaintiff's Motion to Compel. This Motion has not been rued upon as of 1.25.2021. (Dkt. #30)

On January 5th, 2021, the Plaintiff filed a Motion for Summary Judgment. This motion has not been ruled upon as of 1.25.2021. (Dkt. #30)

**5. Amendment of Pleadings**
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

On December 18th, 2020, the Plaintiff filed a Motion to Compel Defendant Exela to either Re-Plead or Amend their Answer to the Petitioner's prima facie complaint. Currently, the Defendant's so-called Answer in actuality is a heap of negative defences, not affirmative defences. The presiding Judge has not ruled on this particular Motion as of 1.28.2021. (Dkt. #29)

**6. Evidence Preservation**
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Plaintiff has reviewed the guidelines, but as of today, January 28, 2021, has not met and conferred with the Defendant's representative regarding the preservation of evidence.

**7. Disclosures**
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

On January 13th, 2021, District Judge Yvonne Rogers issued an Order "Staying Further Briefing on Pending Motions and Setting Case Management Conference." And thus, the parties have not yet made initial disclosures since this Order was issued. (Dkt. #34)

**8. Discovery**
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The parties have not taken any discovery to date and have not considered entering into a stipulated e-discovery order. Moreover, the parties have not yet proposed a discovery plan since the case remains in a "Stayed" status by Order of the presiding Judge.

**9. Class Actions**
*If a class action, a proposal for how and when the class will be certified*

Here, certification of a class action proposal is inapplicable.

**10. Related Cases**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are no related cases or proceedings before a different Judge of this court.

**11. Relief**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff Winns seeks injunctive relief in the form of a preliminary and permanent injunction preventing Exela Inc. from continuing to discriminate against Mr. Winns in the manner described in his original prima facie complaint. Additionally, an order that Exela Inc. institute equal employment policies for Indigenous and/or so-called African Americans in sincere attempts to eradicate the effects of its past and present discrimination; and equitable relief in the form of back pay, front pay and any other relief deemed appropriate by the presiding Judge as well.

## 12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options.(entered on January 22nd, 2021.) (Dkt. #36)

Stipulation and Proposed Order selecting Early Settlement Conference with a Magistrate Judge. (entered on January 25th, 2021) (Dkt. #37)

## 13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

\_\_\_\_ YES     \_X\_\_ NO

## 14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not applicable, nor suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

At this time, the Plaintiff is not aware of any issues that can be narrowed by agreement or suggestion.

## 16. Expedited Trial Procedure
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

This case is not appropriate for expedited trial procedures.

## 17. Scheduling
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Here, the scheduling of proposed dates for completion of initial ADR session, designation of experts, hearing of dispositive motions or discovery cut-off has not been set. Moreover, the Plaintiff has no knowledge of, nor is Mr. Winns in agreement with or attests to any suggested or

proposed dates, relative to scheduling of any of the above-mentioned events.

**18. <u>Trial</u>**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

    Currently, this case does not present even an inkling of a live controversy. However, this is not to say that the Defendant didn't initially attempt to conjure up or in the alternative, manufacture needless contention. Therefore, the Plaintiff prays and anticipates that this case will be resolved at the ADR Conference in the presence of a Magistrate Judge or perhaps shortly thereafter.

**19.  <u>Disclosure of Non-party Interested Entities or Persons</u>**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

NO.

**20.<u>Professional Conduct</u>**
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

    The Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.<u>Other</u>**
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

N/A

Respectfully submitted,

X _____
Harris L. Winns
Pro Se

Monday, February. 1st, 2021