**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HARRIS LEE WINNS,**<br>Plaintiff,<br>v.<br>**EXELA ENTERPRISE SOLUTIONS, INC.,**<br>Defendant. | Case No. 4:20-cv-06762-YGR<br><br>**ORDER: (1) GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT; AND (2) DENYING MOTION TO CORRECT DOCKET SHEET**<br><br>Re: Dkt. Nos. 50, 54 |

*Pro se* plaintiff Harris Lee Winns has filed two motions: (1) a motion to file a first amended complaint (Dkt. No. 50); and (2) a motion to correct the docket sheet. (Dkt. No. 54.) Defendant Exela Enterprise Solutions, Inc. did not file a response to either pending motion, although Exela did previously oppose Mr. Winns' prior motion to file a first amended complaint solely due to the fact that Mr. Winns did not attach a proposed amended complaint as required by the local rules. (*See generally* Dkt. No. 48.) Mr. Winns has now complied by attaching a proposed amended complaint. (*See* Dkt. No. 50-1.)

<u>Motion to File First Amended Complaint</u>: In light of the fact that Exela has not filed a response in opposition to the motion to file a first amended complaint, for the good cause shown therein, and under the liberal policy of allowing the filing of amended complaint, especially with *pro se* litigants, the motion to file a first amended complaint is **GRANTED**. Mr. Winns is **ORDERED** to file on the docket the proposed first amended complaint at Docket Number 50-1 as a stand-alone entry within fourteen (14) days from the date of this Order.

<u>Motion to Correct the Docket Sheet</u>: Mr. Winns moves to correct the docket in this action; specifically, with regard to an entry relating to a manual submission of materials by Mr. Winns at Docket Number 32. Mr. Winns avers that he filed the materials with the Clerk's Office on December 31, 2020, but that the entry is showing an "Entered" date of January 5, 2021. Mr.

Winns further avers that this discrepancy reflects racial animus that warrants the transfer of this case to either Judge Phyllis J. Hamilton or Judge Sandra B. Armstrong.

Having reviewed the motion and the docket in this action, the motion to correct the docket sheet is **DENIED**. Mr. Winns misapprehends the docket entry. The "Entered" date merely reflects the date on which the entry was manually entered onto the docket by the Clerk's Office. The date that controls and that is important to the case is the filing date, which does correctly reflect that Mr. Winns filed the materials on December 31, 2020. In other words, the docket reflects that the Clerk's Office received the materials on December 31, 2020, but did not enter the manual submission until January 5, 2021.[1] This does not warrant a correction of the docket, let alone demonstrate any racial animus that warrants the transfer of this case to another judge.

<u>Conclusion</u>: Accordingly, the Court **HEREBY ORDERS** as follows:

- The motion to file a first amended complaint is **GRANTED**;
- Mr. Winns is **ORDERED** to file on the docket the proposed first amended complaint at Docket Number 50-1 as a stand-alone entry within fourteen (14) days from the date of this Order; and
- The motion to correct the docket sheet is **DENIED**.

This Order terminates Docket Numbers 50 and 54.

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court presumes that the six-day delay between receiving the materials and updating the docket is likely due to the minimal court staff in the Clerk's Office at the time in light of both the holiday season and the then surging rise of the coronavirus pandemic (COVID-19) in late December and early January. Further, it would violate court rules to allow litigants to judge-shop; rather, random assignment controls.