**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HARRIS LEE WINNS,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**EXELA ENTERPRISE SOLUTIONS, INC.,**<br><br>　　　　Defendant. | Case No.  4:20-cv-06762-YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 58, 60 |

　　　　The Court has reviewed the briefing on the current pending motions: a motion to strike defendant's purported affirmative defenses and a motion for judgment on the pleadings filed by *pro se* plaintiff Harris Lee Winns.  (*See* Dkt. Nos. 58, 60.)  Having carefully reviewed the record, the papers submitted on each motion, and for the reasons set forth more fully below, the Court Hereby Orders as follows; (1) the motion to strike affirmative defenses raised in defendant Exela Enterprise Solutions, Inc.'s answer is **GRANTED WITH LEAVE TO AMEND**; and (2) the motion for judgment on the pleadings is **DENIED**.[1]

**I.　Motion to Strike Defendant's Purported Affirmative Defenses**

　　　　Plaintiff is advised that motions under Rule 12(f) of the Federal Rules of Civil Procedure **are disfavored** even if they allow a court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading.  That said, the Court understands that pro se litigants have extra challenges in navigating a federal action on their own.  In pleading affirmative defenses, a

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for September 21, 2021.

defendant can take sufficient time to identify sufficient facts to "nudge[] their [legal] claim across the line from conceivable to plausible." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While this standard does not require extensive factual allegations, mere labels and conclusions do not suffice to put a plaintiff, especially pro se, on notice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff filed a comprehensive brief moving to strike *all* of the affirmative defenses raised in defendant's answer and addressing each.  The defendant's two-page opposition does not address the specific arguments advanced by the plaintiff and fails to justify the defenses asserted.  Accordingly, plaintiff's motion to strike is **GRANTED WITH LEAVE TO AMEND**.

Defendant shall file an amended answer within 30 days of this Order.  Defendant's amended answer must identify with more specificity the bases of the defenses to give notice to the plaintiff of the legal claims asserted.

## II. Motion for Judgment on the Pleadings

"[U]nder Federal Rule of Civil Procedure 12(c), a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses." *Pit River Tribe v. BLM*, 793 F.3d 1147, 1159 (9th Cir. 2015).  This was done here and discovery is still open.  The Court is also permitting defendant leave to amend its answer.  Therefore, the motion for judgment on the pleadings is **DENIED**.

This Order terminates Docket Numbers 58 and 60.

**IT IS SO ORDERED.**

Dated: September 17, 2021

> YVONNE GONZALEZ ROGERS
> UNITED STATES DISTRICT JUDGE