Harris L. Winns
San, Jose CA. 95122
*Plaintiff, Pro Se*

# United States District Court For
# the Northern District of California
# Oakland Division



**HARRIS L. WINNS**
Plaintiff, an Individual
                vs.
**EXELA ENTERPRISE
SOLUTIONS, INC.**
Defendant, Automation of
Business Processes

**Case No.: 20-cv-06762-YGR**

**PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S
PURPORTED AFFIRMATIVE
DEFENSES**

**Fed. R. Civ. P. 12f**
**Calif. Code of Civil Procedure § 436**
RE: Dkt 72

## MOTION TO STRIKE DEFENDANT'S
## PURPORTED ANSWER AS NON-RESPONSIVE

COMES NOW, the Plaintiff, Harris L. Winns, in *Pro Se* status. The Plaintiff moves the Court for an Order granting his motion to strike the Defendant's negative defenses, casted as affirmative defenses for a second time. Additionally, within the four corners of Defendant Exela's entire ersatz, scanned, unsearchable and template of an Answer in response to Plaintiff Winns' complaint, their current representative failed to comport with Fed. R. Civ. P. 8(b); "Defenses, Admissions and Denials" as a matter of law.

On Sept. 17th, 2021, Judge Rogers ORDERED Defendant Exela Enterprise to amend their boiler plate stuffed Answer which was in response to the Plaintiff's *prima facie* case no later than Oct. 17th, 2021. Unsurprisingly, the Defendant intentionally responded untimely on the morning of Oct. 18th, 2021.

With striking parallelism, Defendant Exela Enterprise's purported Answer to the Plaintiff's complaint is virtually the same Answer which this honorable Court struck in its entirety as

*Winns v. Exela Enterprise Solutions Inc.*

recently as a mere month ago. The Defendant has posted basically the same non-responsive

Answer on three separate occasions: [Dkt. #28], [Dkt. 57] and [Dkt. 72]. Therefore, the Plaintiff

respectfully implore this honorable Court not to allow Defendant Exela to make a mockery of

the judicial system.

After comparing the Defendant's purported amended complaint, the only difference that the

Plaintiff could glean from Exe'a latest so-called Answer is that supposed affirmative defense

number nineteen was deleted and the remaining negative defenses were numerically shuffled

around.

Moreover, and pursuant to Rule 12(f), the Court acting *sua sponte*, upon their own volition,

"may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent

or scandalous matter." Fed. R. Civ. P. 12(f). "A defense may be insufficient as a matter of

pleading or as a matter of law. "*Cal. Brewing Co. v. 3 Daughters Brewing LLC*, No. 2:15-cv-02278-

KJM-CMK, 2016 WL 4001133, at *1 (E.D. Cal. Jul. 26, 2016) (citation omitted).

The vast majority of district courts have held that the standard set forth in *Twombly* and *Iqbal*

apply to affirmative defenses as well. See Perez v. Gordon & Wong Law Group, P.C., No. 11-

03323, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012 (collecting cases). "This standard

`serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in

most defendants' pleadings where many of the defenses alleged are irrelevant to the claims

asserted."(citing: *J & J Sports Productions, Inc. v. Barwick*, Case No. 5:12-CV-05284-LHK. (May 14,

2013).

Moreover, the Ninth Circuit has ruled that the function of a motion to strike is "to avoid the

expenditure of time and money that must arise from litigating spurious issues …," and has

defined "immaterial" as that which has no essential or important relationship to the claim for

relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524 (9thCir. 1993)

(overruled on other grounds in Fogerty v. Fantasy, Inc. 510 U.S. 517 (1994)).

Without a scintilla of doubt, "[a]ffirmative defenses are pleadings and, therefore, subject to

all pleading requirements of the Federal Rules of Civil Procedure," we agree with the majority

view and shall apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses. *Heller*, 883 F.2d at 1294. Accordingly, Exela's affirmative defenses must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).

Prior to the Supreme Court decisions in *Twombly and Iqbal*, at least one federal Court of Appeals had held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). In Woodfield, the court held that a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Id.

Generally speaking, "it neither makes sense nor is it fair to require a Plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the Defendant under another pleading standard simply to suggest that some defense may possibly apply in the case"); Ulyssix Technologies, Inc. v. Orbital Network Eng'g, Inc., 2011 U.S. Dist. LEXIS 14018, at *45 (D. Md. Feb. 11, 2011).

And if the court elects to strike Exela's affirmative defenses on its own accord, *sua sponte*, the Plainiff wholeheartedly encourage the court to strike Exela Enterprise's nonresponsive Answer in its entirety that consists of one-hundred and forty-five paragraphs (145), in addition to the Defendant's nineteen (19) affirmative defenses due to failing to meet the standards of *Iqbal* and *Twombly's* doctrine of: "affirmative defenses must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."

Plaintiff Winns implore the court to strike eighty-five (85) paragraphs of Defendant Exela's "bare-bones, conclusory allegations" because they are "insufficient as a matter of law. Therefore, the so-called affirmative defenses which simply states: "said paragraphs consists of legal conclusions to which no responsive pleading is required." And as such, must be struck down by the court due to failing the requirements of Rule 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff Winns further entreat the court to strike twenty-nine (29) paragraphs of Defendant Exela's so-called affirmative defenses are void of "sufficient factual matter." The paragraphs in question simply states: "The Defendant denies each and every allegation contained in said paragraph." The same thing applies here, these empty and simplistic so-called Answers must be stricken down by the court due to failing the requirements of Rule 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff Winns further petitions the court to strike twenty-nine (15) paragraphs of Defendant Exela's so-called affirmative defenses are nullified of "sufficient factual matter."The paragraphs in question simply states the following: "Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation; [e.g., Santee Indian ancestry, x2; EEOC Investigator's recommended disposition; EEOC's intent to terminate]. Yet again, these so-called Answers must be struck down due to failing to comport with FRCP 8(a)(2), where "a short and plain statement of the claim showing that the pleader is entitled to relief."

Additionally, Defendant Exela has also failed miserably to articulate the shifting burden of the McDonnell-Douglas scheme, which is, to "articulate a legitimate, non-discriminatory reason for the adverse employment action" taken against Plaintiff Winns.

However, the Defendant did "admit", perhaps reluctantly, to a mere eighteen (18) out of the one-hundred and forty-five (145) submitted paragraphs. But still yet, the paragraphs that were "admitted" to failed to proffer or in the alternative, "articulate a legitimate, non-discriminatory reason for the adverse employment action" taken against Plaintiff Winns. And thus, must be stricken by the court as well.

In summary, since the Defendant has failed to submit a responsive Answer to the Petitioner's prima facie complaint within the framework of McDonnell Douglas, all one-hundred and forty-five (145) paragraphs should be struck down by the court.

Therefore, if Defendant Exela's Enterprise's affirmative defenses fails to truly Answer or to state a sufficient defense or even if the allegations in the affirmative defense are not relevant to

the claims in Plaintiff Winns' complaint, then the affirmative defense constitutes an immaterial or impertinent allegation(s) that are in jeopardy of being stricken by the court.

Furthermore, at the Court's discretion, it may or may not approve leave for Defendant Exela to amend their wholly insufficient Answer. "The corollary to Rule 8 is the liberal amendment policies embodied in [] Rule 15." U.S. v. Vehicle 2007 Mack 600 Dump Truck, et al., 680 F.Supp.2d 816, 826 (E.D. Mich. 2010). Pertinent here, Rule 15 allows a party to amend with the opposing party's written consent or the court's leave, which the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Granting or denying leave to amend is within the trial court's discretion. Foman v. Davis, 371 U.S. 178 (1962).

More specifically to the point, Defendant Exela Enterprise's Answer, once again, does not meet the requirements of Rule 8(b) nor the liberal policy of Rule 15 in regards to any party making amendments. Conventionally speaking, once the presiding Judge has issued a Scheduling Order, Rule 16 then becomes the controlling mechanism, such as it is here. Fed. R. Civ. P. 16(3)(A) "*Required Contents.* The scheduling order <u>must limit</u> the time to join other parties, <u>amend the pleadings</u>, complete discovery, and file motions.

The Plaintiff surmises that out of the goodness of Judge Rogers' heart, she allowed Defendant Enterprise to amend their purported Answer. As expected and to no surprise, Exela Enterprise trampled upon the Judge's graciousness by submitting almost an identical set of purported affirmative defenses, when they shouldn't have been given leave to amend to begin with. The cut-off date to amend pleadings was actually June 8th, 2021.

Moreover, any additional allowance for Defendant Exela Enterprise to amend their supposed Answer, the Plaintiff will be greatly prejudiced by such an act and the futility to amend here is quite vivid. A claim is considered futile and leave to amend shall not be given if there is no set of facts that can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).

At bottom, the Defendant's so-called affirmative defenses or non-responsive should once again be struck from the record <u>without </u>leave to amend, as the Defendant's Answer is

overwhelmingly the same as before; clearly violating the U.S. Supreme Court's principles or Foman factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). Defendant Exela has repeatedly failed to amend their Answer, and by intentionally doing so, has failed to comply with Judge Roger's Order that was issued on Sept. 17th, 2021. (Dkt. #70)

## DEFENSES; ADMISSIONS AND DENIALS.

(1) *In General.* In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.

(2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

(3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

As a matter of law and in the event of a <u>denial</u>, the "denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Instead, Defendant Exela has apparently elected to incongruently respond to Plaintiff Winns' complaint through unresponsive Answers that merely alluded to the contours thereof, and not the "substance" of the complaint in question. Defendant Exela's Answer, such as they are, … are clearly evasive, just as Exela was

Winns v. Exela Enterprise Solutions Inc.

approximately a couple of months ago when the Plaintiff sought to process service upon them within two different continental States.

Prior to the Supreme Court decisions in Twombly and Iqbal, at least one federal Court of Appeals had held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  *In Woodfield*, the court held that a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."

"<u>LEGAL CONCLUSIONS TO WHICH<br>NO RESPONSIVE PLEADING IS REQUIRED</u>"

Within the pages of what Defendant Exela Enterprise purported to be their twenty-five pages (25) of Answer, and out of one-hundred and forty-nine paragraphs (149), Defendant Exela repeatedly and/or redundantly stated that certain allegations are "legal conclusions to which no responsive pleading is required," a total of eighty-five (85) times. And in the process, Exela has violated Rule 8(b), just as a plethora of district courts have also concluded:

> "Responses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements. See Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1–2 (E.D. Wis. Dec. 22, 2008)("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law.' ... Similarly, Rule 8 does not permit a defendant to respond that the document 'speaks for itself.'") (quoting State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill.2001).); N. Ind. Metals v. Iowa Exp., Inc., 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008) ("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil Procedure."); Rudzinski v. Metropolitan Life Ins. Co., 2007 WL 2973830, at *4 (N.D.

Winns v. Exela Enterprise Solutions Inc.

Ill. Oct. 4, 2007) (stating that a defendant may not simply employ
"summarizing language" and then state, "essentially, that the terms of the
referenced documents speak for themselves."); State Farm Mut. Auto.
Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill.2001) ("Another regular
offender is the lawyer who takes it on himself or herself to decline to
respond to an allegation because it 'states a legal conclusion.' That of
course violates the express Rule 8(b) requirement that all allegations
must be responded to."). "Indeed, legal conclusions are an 'integral part
of the federal notice pleading regime. Therefore, legal conclusions must
be addressed in one of the three ways contemplated by Rule 8.'"
Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.,
2008 WL 5377712, at *1 (citation omitted)."(citing Gulf Restoration Network v. US EPA)

## EXELA's ADDITIONAL AFFIRMATIVE DEFENSES (1–18)

Defendant Exela's additional affirmative defenses suffers from the same insufficient defects as the nonresponsive Answer or at least what the Defendant's representative claims them to be. Additionally, out of the nineteen affirmative defenses, a total of only four listed authorities; two (2) by California state statutes and two (2) through California case laws. In the Plaintiff's opinion, this is totally unacceptable and the court should not accept the Defendant's simplistic Answers nor should the court accept their so-called affirmative defenses as well.

## DEFENDANT EXELA's BARE-BONES AFFIRMATIVE DEFENSES and NONRESPONSIVE ANSWER FAILED to PUT the PLAINTIFF on NOTICE, DUE to an ABUNDANCE of CONCLUSORY ALLEGATIONS and INSUFFICIENT FACTS

Moreover, "[A]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (citation omitted). "It is a defense on which the defendant has the burden of proof." Id. at 1174.

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," whereas a responsive pleading must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(a)(2), (c)(1). The Ninth Circuit has long held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.

<u>**CALIFORNIA CODE OF CIVIL PROCEDURE - 436**</u>
<u>**MOTION TO STRIKE**</u>

"The court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper:

    (a) Strike out any irrelevant, false, or improper matter inserted in any pleading.

    (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, o any order of the court.

<u>**EXELA'S AFFIRMATIVE DEFENSES**</u>
<u>**Defendant asserts the following**</u>
<u>**affirmative defenses in reply to Plaintiffs Complaint:**</u>

FIRST AFFIRMATIVE DEFENSE (Failure to State a Cause of Action)
"The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant."
<u>In Reply</u>: Failure to state a claim is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014)

The purported "Failure to State a Claim" by the Plaintiff is actually a "negative defense," not an affirmative defense. And thus, the first affirmative defense should be struck by the court. Unsurprisingly, Defendant Exela's first affirmative defense ("Failure to State a Claim") is not an actual defense since it simply embodies the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint. *J & J Sports Prods v. Mendoza–Govan*, No. 10–cv-05123-WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("Failure to state a claim is not a

Winns v. Exela Enterprise Solutions Inc.

proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case.").
(quoting *Goobich v. Excellence Learning Corp.* 5:19-cv-06771-EJD, N.D. Calif. March 2020)
(See *Unigestion Holding S.A. v. UPM Technology Inc.*, 305 F.Supp.3d 1134 (D. Or. 2018); see
also *Hiramanek v. Clark*, No. 13- 00228, 2015 WL 693222, at *2 (N.D. Calif., Feb. 18, 2015) ("Failure
to state claim.")

More to the point, Defendant Exela has failed to "plead matters extraneous to the plaintiff's
prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint
are true." *Federal Deposit Ins. Co. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)
(citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)). This negative defense must be struck, due to
being improperly pleaded and a sheer lack of factual allegations.

This negative defense must be struck due to being inadequately pleaded and in violation of
Rule 8(a)(2), where "a short and plain statement of the claim showing that the pleader is entitled
to relief." Accordingly, Defendant's affirmative defenses must contain sufficient facts to state a
defense "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

SECOND AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)
"Plaintiff's unverified Complaint and each alleged cause of action are barred in whole or in
part to the extent Plaintiff has failed to meaningfully exhaust mandatory administrative
remedies."
In Reply: Again, Defendant Exela's contrived claims that Mr. Winns' "Failure to Exhaust
Administrative Remedies" is in reality, a "negative defense," not an affirmative defense. This is
clearly an attack on the Plaintiff's prima facie case. However, affirmative defenses are meant to
"plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to
recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Co. v. Main
Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41
(1980)). Accordingly, Defendant's affirmative defenses must contain sufficient facts to state a
defense "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).
This negative defense must be struck, due to being improperly pleaded.

Additionally, "Title VII of the Civil Rights Act of 1964 creates a multi-step process that employment-discrimination plaintiffs must follow before they may file suit. That process requires employees to begin by filing a charge with the EEOC or an analogue state agency. The EEOC then investigates the charge, and attempts to resolve it informally if it finds reasonable cause to believe the charge is true. If informal resolution fails, the EEOC may file a lawsuit, but it is not empowered to resolve the case itself. Alternatively, if the EEOC's investigation does not yield reasonable cause for the agency to proceed, the plaintiff may file suit on their own. https://www.scotusblog.com/2019/06/opinion-analysis-administrative-exhaustion-is-not-jurisdictional-for-employment-discrimination-plaintiffs/

"Enclosed please find the Dismissal and the Notice of Rights that we are issuing to you in this matter. The Dismissal and Notice of Rights explains your right to pursue this matter in court. If you wish to pursue your charge further, you may do so on your own by filing a private lawsuit in Federal District Court within 90-days of receiving the enclosed dismissal document. If you do not file a private lawsuit within the required 90-day time frame, your right to sue in this matter will expire and cannot be restored by the EEOC. – *Lisa Fung, EEOC Investigator*, July 21st, 2020.

THIRD AFFIRMATIVE DEFENSE (Equitable Doctrines)
Any recovery on Plaintiff's unverified Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of laches, consent, waiver, estoppel and unclean hands.
In Reply: To establish the affirmative defense of laches, "a defendant must allege neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. 11-197, 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011) (internal quotation marks and citation omitted).

Here, Defendant Exela has failed to offer any basis, whether factual or legal; specificity or particularities in support of yet another negative defense as opposed to an affirmative defense in support of their so-called third affirmative defense. This negative defense must also be struck, due to being improperly pleaded as well.

Winns v. Exela Enterprise Solutions Inc.

Even further, Plaintiff Winns argues this so-called affirmative defense should be stricken as well because it "improperly and confusingly combines several defenses under a single heading rather than pleading them separately and showing which apply, per Fed. R. Civ. P. 8." (Citing Landmark Equity Fund, II, LLC v. Arias (E.D. California, Case No. 1:15-cv-00202-JLT. (July 2015)

FOURTH AFFIRMATIVE DEFENSE (Exclusive Remedy)

Plaintiffs purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiffs alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act. See California Labor Code section 3600 et seq.

In Reply: Interestingly enough, "The Ninth Circuit does not require emotional distress damages cases to be supported by objective evidence, such as economic losses, physical or mental health symptoms or treatment, but may be supported by observation of others, appropriate inferences from the circumstances, or solely by Plaintiff's own testimony. *See Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000); *Zhang*, 339F.3d at 1040.

[G]enerally speaking, a Defendant in a civil action who claims to be one of that class of persons protected from an action at law by the provisions of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application." (Doney v. Tambouratgis (1979) 23 Cal.3d 91, 96 [151 Cal.Rptr. 347, 587 P.2d 1160].)

"Relying on Cole v. Fair Oaks Fire Protection, 43 Cal.3d 148, 233 Cal.Rptr. 308, 729 P.2d 743 (1987). California's WCA does not bar tort claims stemming from actions that violate public policy such as harassment and discrimination. Maynard v. City of San Jose, 37 F.3d 1396, 1405 (9th Cir.1994). Specifically, the Ninth Circuit has held that under California law the exclusive remedy provision of worker's compensation law does not preclude employees from pursuing claims under FEHA. Buckley v. Gallo Sales Co., 949 F.Supp. 737, 746 (N.D.Cal.1996). Therefore, the defense that plaintiff's claims are preempted by WCA is insufficient as a matter of law."

Winns v. Exela Enterprise Solutions Inc.

Moreover, another option for an injured worker is that he or she can seek relief in the civil court system even though it was a work related injury. Additionally, Plaintiff Winns never sought compensation or even filed a claim with the Workers' Compensation Appeals Board. And thus, the Plaintiff is somewhat perplexed as to why the Defendant passively suggests that California's Workers' Compensation Appeals Board should've been the appropriate forum. Therefore, Defendant Exela's fourth so-called affirmative defense must be rejected and struck from the record because on inadequacy of pleading as well.

FIFTH AFFIRMATIVE DEFENSE (Internal Remedies)

Plaintiffs Complaint and each alleged cause of action are barred in whole or in part because Defendant had in place internal complaint policies and procedures, including policies and procedures prohibiting unlawful discrimination and retaliation and, upon information and belief, Plaintiff failed to avail himself of available internal remedies before bringing this lawsuit. In Reply: Defendant Exela Enterprise's Second Affirmative Defense, "Failure to Exhaust Administrative Remedies" and their Sixth Affirmative Defense, "Internal Remedies" are essentially the same things, alternatively, another one of the Defendant's distinctions without a difference defenses. And thus, both defenses are "redundant" and shall receive the same replies from the Plaintiff.

Again, Defendant Exela claims that Mr. Winns ignored "Internal Remedies." In reality, this is patently false and is in fact impertinent and a "negative defense," not an affirmative defense. This is clearly an attack on the Plaintiff's prima facie case. However, affirmative defenses are meant to "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Co. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)).

In any event, this so-called manufactured affirmative defense must also be struck due to failing once again to plead matters "extraneous" to the Plaintiff's prima facie complaint. Moreover, this particular defense must be stricken for being frivolous where it lacks an arguable basis in either law or factual allegations. Here the Plaintiff invokes Fed. R. Civ. P. 8(a)(2), the

requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."

Additionally, "Title VII of the Civil Rights Act of 1964 creates a multi-step process that employment-discrimination plaintiffs must follow before they may file suit. That process requires employees to begin by filing a charge with the EEOC or an analogue state agency. The EEOC then investigates the charge, and attempts to resolve it informally if it finds reasonable cause to believe the charge is true. If informal resolution fails, the EEOC may file a lawsuit, but it is not empowered to resolve the case itself. Alternatively, if the EEOC's investigation does not yield reasonable cause for the agency to proceed, the plaintiff may file suit on their own. https://www.scotusblog.com/2019/06/opinion-analysis-administrative-exhaustion-is-not-jurisdictional-for-employment-discrimination-plaintiffs/

"Enclosed please find the Dismissal and the Notice of Rights that we are issuing to you in this matter. The Dismissal and Notice of Rights explains your right to pursue this matter in court. If you wish to pursue your charge further, you may do so on your own by filing a private lawsuit in Federal District Court within 90-days of receiving the enclosed dismissal document. If you do not file a private lawsuit within the required 90-day time frame, your right to sue in this matter will expire and cannot be restored by the EEOC. – Lisa Fung, EEOC Investigator, July 21st, 2020.

SIXTH AFFIRMATIVE DEFENSE (After-Acquired Evidence)
To the extent Defendant obtains through discovery or otherwise after-acquired evidence of wrong doing by Plaintiff, the Complaint and each purported cause of action alleged therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiffs alleged damages.
In Reply: The term, "After-Acquired Evidence" as an affirmative defense, usually refer to post termination of an employee. But here, Plaintiff Winns was still employed by the Defendant at the time when Exela referred to their supposed "after acquired" defense. Therefore, it appears that this term, as it is being utilized here, displays perhaps what the Defendant desired at the time, but the term most certainly isn't being used in a factual context.

Additionally, In McKennon v. Nashville Banner Publishing Company, the U.S. Supreme Court held the following: "An employee discharged in violation of the ADEA is not barred from

Winns v. Exela Enterprise Solutions Inc.

all relief when, after her discharge, her employer discovers evidence of wrongdoing that, in any event, would have led to her termination on lawful and legitimate grounds had the employer known of it. Such after-acquired evidence is not a complete bar to ADEA recovery. Even if the employee's misconduct may be considered to be supervening grounds for termination, the ADEA violation that prompted the discharge cannot be altogether disregarded."

Therefore, if the U.S. Supreme has held that even in the event of "After-Acquired Evidence, a terminated employee "is not barred from all relief." This statement alone flies in the face of Defendant Exela's so-called affirmative defense. And thus, what more should we expect the end result to be concerning damages, in regards to an employee who wasn't even terminated? To me, the Defendant's suggested affirmative defense of "After-Acquired Evidence" theory is a bar that limits nothing.

Clearly, Defendant Exela's lack of a cognizable legal theory regarding the usage of the term "After-Acquired Evidence" as an affirmative defense, is clearly being used to sow confusion or in the alternative, as an attempt to gain legal traction. Moreover, this act, the usage of the above-mentioned term, is being done in the face of the Plaintiff never having been terminated, must be struck by the court due to being awkwardly promulgated and in the absence of a sound legal theory consistent with FRCP 8(a)(2). Once again, Defendant Exela has failed to plead sufficient facts to state a plausible affirmative defense.

SEVENTH AFFIRMATIVE DEFENSE
(Legitimate Non-Discriminatory Reasons)
Plaintiffs Complaint, and each purported cause of action alleged therein, is barred because any and all actions taken by Defendant with regard to Plaintiffs employment were based on legitimate, non-retaliatory, and non-discriminatory business reasons and would have been taken regardless of Plaintiffs alleged protected activity or status, if any.
In Reply: Defendant Exela Enterprise's so-called affirmative defense of "Legitimate non-Discriminatory Reasons" is in reality inapplicable, and a "negative defense," not an affirmative defense. This is simply another assault on the Plaintiff's prima facie case. However, affirmative defenses are meant to "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit*

Winns v. Exela Enterprise Solutions Inc.

*Ins. Co. v. Main Hurdman*, <u>655 F. Supp. 259, 262</u> (E.D. Cal. 1987) (citing *Gomez v. Toledo*, <u>446 U.S. 635, 640-41</u> (1980)). This negative defense must also be struck, due to being improperly pleaded and in violation of Rule 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief."

EIGHTH AFFIRMATIVE DEFENSE
(Justified Criterion)
Plaintiff's claims based on the Equal Pay Act and Lilly Ledbetter Fair Pay Act are barred because any and all decisions made by Defendant with regard to Plaintiff's compensation were justified and based on legitimate, non-retaliatory, and non-discriminatory criteria.
<u>In Reply</u>: Defendant Exela Enterprise's so-called affirmative defense of "Justified Criterion" is in reality, "immaterial," and most definitely not an affirmative defense. This is certainly yet another assault on the Plaintiff's prima facie case. However, affirmative defenses are meant to "<u>plead matters extraneous</u> to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Co. v. Main Hurdman*, <u>655 F. Supp. 259, 262</u> (E.D. Cal. 1987) (citing *Gomez v. Toledo*, <u>446 U.S. 635, 640-41</u> (1980).

This negative defense must also be struck, due to being improperly pleaded and in violation of Rule 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief."

NINTH AFFIRMATIVE DEFENSE
(Privileged, Good Faith, and Justified Conduct)
Any recovery on Plaintiff's unverified Complaint is barred because Defendant's conduct was privileged or justified under California law and for valid business reasons."

Here, affirmative defenses are supposed to be legitimate reasoning put forth by the Defendants to explain why the Plaintiff efforts to recover should be denied by the court. Thus far, Exela Enterprise has failed miserably to do so.

<u>In Reply</u>: Defendant Exela Enterprise's so-called affirmative defense of "Privileged, Good Faith and Justified Conduct" is in reality, "immaterial," and definitively not an affirmative defense. This is most certainly another attack on the Plaintiff's prima facie case. However, affirmative defenses are meant to "<u>plead matters extraneous</u> to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal*

Winns v. Exela Enterprise Solutions Inc.

*Deposit Ins. Co. v. Main Hurdman*, <u>655 F. Supp. 259, 262</u> (E.D. Cal. 1987) (citing *Gomez v. Toledo*, <u>446 U.S. 635, 640-41</u> (1980)).

This negative defense must also be struck, due to being improperly pleaded and in violation of Rule 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief."

TENTH AFFIRMATIVE DEFENSE
(Avoidable Consequences)
Any damages for alleged retaliation are limited by the Avoidable Consequences Doctrine to the extent that: (I) Defendant exercised reasonable steps to prevent and correct any workplace behavior alleged unlawful; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of the Defendant's procedures would have prevented at least some of the harm that Plaintiff suffered. See *State Dept. of Health Servs. v. Superior Court* 31 Cal.4th 1026 (2003); see also *Price Waterhouse v. Hopkins* 490 US 228 (1989).
<u>In Reply</u>: Here, the Defendant's "Avoidable Consequences" affirmative defenses must be stricken as well because they are not affirmative defenses but rather, denials of the elements of Plaintiff's Winns' claims. Fed. R. Civ. P. 12(f). In addition, this so-called affirmative defense is void of the required factual allegations.

Defendant Exela Enterprise's so-called affirmative defense of "Avoidable Consequences," is in reality, "immaterial," and most definitely not an affirmative defense.

This is most certainly another attack on the Plaintiff's prima facie case. However, affirmative defenses are meant to "<u>plead matters extraneous</u> to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Co. v. Main Hurdman*, <u>655 F. Supp. 259, 262</u> (E.D. Cal. 1987) (citing *Gomez v. Toledo*, <u>446 U.S. 635, 640-41</u> (1980)).

This negative defense must also be struck, due to being improperly pleaded and in violation of Rule 8(a)(2) as well, where "a short and plain statement of the claim showing that the pleader is entitled to relief."

ELEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)
Plaintiff is barred from recovering any damages, or Plaintiffs damages must be reduced, to

Winns v. Exela Enterprise Solutions Inc.

the extent Plaintiff failed to exercise reasonable diligence to mitigate Plaintiff's alleged damages. For example, based on information and belief, Defendant alleges that Plaintiff did not make reasonable efforts to find comparable employment after his termination from Exela despite Exela's efforts to assist Plaintiff in securing replacement employment.

In Reply: To me, this defense is pure comedy at its best. Mr. Winns finds himself still unemployed eight months after being wrongfully terminated when clearly, Defendant Exela intentionally failed to offer Plaintiff Winns a transfer to another facility pursuant to the WARN Act 29 USC § 2100 *et seq.*

Moreover, the same thing goes here, because simply directing the court in the direction of Mr. Winns' complaint cannot save Defendant Exela Enterprises from eventually having these so-called affirmative defenses stricken. Ironically, Exela continually searches for affirmative defenses within the Plaintiff's submitted pleadings.

(*StateDept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1045 [6 Cal.Rptr.3d 441, 79 P.3d 556].) For other instructions that may also be given on failure to mitigate damages generally, see CACI No. 3963, *Affirmative Defense—Employee's Duty to Mitigate Damages,* and CACI No. 3930, *Mitigation of Damages (Personal Injury).*

This negative defense must also be struck, due to being improperly pleaded and in violation of Rule 8(a)(2) as well, where "a short and plain statement of the claim showing that the pleader is entitled to relief."

TWELFTH AFFIRMATIVE DEFENSE
(Same Decision)
Plaintiffs causes of action are barred in whole or in part and/or Plaintiff is precluded from any monetary damages because, even assuming, arguendo, that the Court or a jury should find that discriminatory or retaliatory reasons were a factor in any employment decision involving Plaintiff (which Defendant denies), Defendant would have made the same employment decisions with regard to Plaintiff in any case without regard to Plaintiffs protected status or conduct.
In Reply:  Labor Code section 1102.6, which requires the employer to prove a [same-decision] defense by clear and convincing evidence. "[W]hen we refer to a [same-decision] showing, we mean proof that the employer [Defendant Exela], in the absence of any discrimination, would

have made the same decision *at the time it made its actual decision.*" (*Harris, supra*, 56 Cal.4th at p. 224, original italics.)

In *Harris v. City of Santa Monica*, the plaintiff, a former bus driver employed at-will by the City of Santa of Monica ("the City"), sued for sex discrimination in violation of FEHA after she was discharged on the same day that she submitted a doctor's note confirming her pregnancy. The City claimed that the plaintiff was discharged for her poor job performance and failure to meet its standards for continued employment, given that, during her seven-month employment, she was involved in two preventable accidents, incurred two unexcused absences, and was evaluated as needing "further development."

In stark contrast, the employee deficiencies exhibited in *Harris v. City of Santa Monica*, does not exist here as it relates to Plaintiff Winns.

Again and again, the Defendant continually seek relief from the Plaintiff's overwhelming *prima facie* case to either offset, reduce or deny in full the damages mentioned or claimed of within the complaint.

THIRTEENTH AFFIRMATIVE DEFENSE (No Malice, Oppression, or Fraud)
Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for punitive damages against Defendants under California Civil Code sections 3294 and 3295 and/or any applicable federal statutes.

In Reply: Plaintiff's claims are facially plausible; therefore, "the Plaintiff pleaded factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." (*Iqbal*, 129 S. Ct. at 1949)

3294 (a) "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

Rule 9(b) requires that "all averments of fraud . . . be stated with particularity." As the Ninth Circuit has explained, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to

Winns v. Exela Enterprise Solutions Inc.

why the statement or omission complained of was false or misleading." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1404 (9th Cir. 1996)

"A complaint for fraud must allege the following elements: (1) a knowingly false representation by the Defendant (Exela); (2) an intent to deceive or induce reliance; (3) justifiable reliance by the Plaintiff; and (4) resulting damages." (Service by Medallion, Inc. v. Clorox Co. (1996) 44 Cal.Aoo.4th 1807, 1816 [52 Cal.Rptr.2d 650] [combining misrepresentation and scienter as a single element].)

"Fraud is an intentional tort; it is the element of fraudulent intent, or intent to deceive, that distinguishes it from actionable negligent misrepresentation and from nonactionable innocent misrepresentation. It is the element of intent which makes fraud actionable, irrespective of any contractual or fiduciary duty one party might owe to the other. (City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith (1998) 68 Cal.App.4th 445, 482 [80 Cal.Rptr.2d 329], internal citations omitted.)

**Example #1**: Defendant Exela Enterprise informed California's Labor Commission that the Plaintiff was under some type of workplace investigation. This position was subsequently retracted by Barbara Smith, Vice President of Human Resources. By Exela intentionally committing this despicable act, the Plaintiff was defamed in the process.

**Example #2**: In December of 2020, Defendant Exela Enterprise covertly attempted to "induce" through intentional "misrepresentation" to have Mr. Winns sign some "separation documents." However, within the fine print of the document, had Mr. Winns signed the document(s) in question without reading it in full, he would've inadvertently notarized a "General Release of all Claims" held against the Defendant.

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

In Reply: Upon Defendant Exela's own volition and without coercion, apparently, an invidious plan was formulated and acted upon specifically to injure Plaintiff Winns'

reputation after filing a complaint regarding equal pay with California's Labor Commission. It seems that this involved a scheme that involved a ruse of an investigation. Defendant Exela breached their own obligatory policy by failing to notify the individual who complained and the supposed perpetrator as well. Therefore, Exela either knew or should've known that whatever was reported to them in regards to my

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

<u>In Reply</u>: As expressed within the Plaintiff's prima facie pleadings, the Defendant subsequently informed California's Labor Commission that Mr. Winns was under an investigation for reasons unbeknownst to him. And in the process, displayed a "<u>oppressive</u>", wanton and "conscious disregard of that person's rights [Winns]. It appears that this was also done to hinder Mr. Winns' complaint from being successful. Additionally, <u>Libel</u> includes the more permanent forms of defamatory matter; in California, it consists of a "writing, printing, picture, effigy, or other fixed representation to the eye." (Civ. Code § 45.) <u>Slander</u> is the more transitory form, generally restricted to oral statements and gestures. (See Civ. Code § 46. However, <u>evidence of malice</u> [*electronic recording*] is relevant to obtain <u>punitive damages</u> or to overcome certain privileges.

(3)     "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

<u>In Reply</u>: Exela's decision to falsely claim and subsequently uttered "an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendant," with regards to Mr. Winns supposedly having been under some type of investigation. This is patently false, and if he was, the Plaintiff wasn't notified which is in stark contrast with written Exela's policies. And thus, the Defendant's act here equates with exactly the meaning of the third subsection under this particular heading, .. "Fraud."

Winns v. Exela Enterprise Solutions Inc.

(Section 1985(2)(3) Intimidation, hindering; 42 USC §§ 2000e-3(a)

Discrimination/Retaliation after filing a complaint; Calif. Labor Code 1102.5(b)

Discrimination/Retaliation after filing a complaint with a government agency.)

In any event, this so-called manufactured affirmative defense must also be struck due to failing once again to plead matters "extraneous" to the Plainiff's prima facie complaint. Moreover, this particular defense must be stricken for being frivolous where it lacks an arguable basis in either law or factual allegations. Here the Plaintiff invokes Fed. R. Civ. P. 8(a)(2), the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."

FOURTEENTH AFFIRMATIVE DEFENSE
(Punitive Damages Unconstitutional)
Plaintiff's claims for punitive or exemplary damages U.S. Constitution and under the California Constitution and/or are unconstitutional to the extent any such award for punitive or exemplary damages is unreasonable and disproportionate under State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003) and its progeny.

In Reply: In *State Farm Mutual Automobile Insurance vs. Campbell* 538 U.S. 408 (2003), the U.S Supreme made the following statement regarding punitive damages: "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process," and that punitive damages awards ratio of 4 to 1 is "close to the line of constitutional impropriety." Moreover, Defendant Exela Enterprise, as they've claimed here and above; has failed to set forth legal or factual evidence to support such a ludicrous assertion.

This statement by the U.S. Supreme Court is in stark contrast with Defendant Exela's specious heading of yet another so-called affirmative defense, which boldly claims that "punitive damages are unconstitutional."

FIFTEENTH AFFIRMATIVE DEFENSE
(No Attorney 's Fees)
To the extent Plaintiff seeks compensatory and/or punitive damages and/or attorney's fees, Plaintiff is not entitled to them because Defendant did not engage in unlawful, reckless, willful, wanton, or malicious conduct towards Plaintiff or with the intent to injure him and Plaintiff is representing himself in this matter.

In Reply: The Plaintiff prepared his complaint with proper language in the event that the motion to appoint counsel would be granted by the court. Alternatively, the Plaintiff's pleadings were written with yet unforeseen circumstances in mind.

Defendant Exela's so called affirmative defenses are supposed to "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Co. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980).

Instead, Exela has submitted simplistic averments that are void of factual allegations that would give way to the fact that that they deserve relief as it pertains to FRCP 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief."

In summary, this feigned so-called affirmative defense must also be struck due to failing once again to plead matters "extraneous" to the Plaintiff's prima facie complaint, in addition to failing to submit, "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ P. 8(a)(2).

SIXTEENTH AFFIRMATIVE DEFENSE
(No Vicarious Liability)
Defendant cannot be held vicariously liable for any alleged unlawful discriminatory, retaliatory or harassing conduct by its current and/or former employees or person(s) not employed by Defendant because it took affirmative steps to prevent and end any such unlawful discriminatory conduct and in no way ratified or condoned any unlawful conduct alleged by Plaintiff. Any unlawful or other wrongful acts attributed to any person(s) employed or not employed by Defendant – including, inter alia, Plaintiff's allegations that Exela employees conspired with the Equal Employment Opportunity Commission to conduct a sham investigation into Plaintiff's complaint or uttered defamatory statements about Plaintiff - were outside the scope of their authority or Defendant's control and such acts, if any, were not authorized, ratified or condoned by Defendant nor did Defendant know or have reason to be aware of such alleged conduct.

In Reply: Here, the Plaintiff has no idea of what the Defendant 's representative is referring to in regards to Mr. supposed: "allegations that Exela employees conspired with the Equal Employment Opportunity Commission to conduct a sham investigation into Plaintiff's complaint or uttered defamatory statements about Plaintiff." The Plaintiff never asserted that he was defamed by the "conspiring" by EEOC personnel and employees of Exela Enterprise.

Winns v. Exela Enterprise Solutions Inc.

In Vance v. Ball State University, 133 S. Ct. 2434 (2013), the U.S. Supreme Court stated that an employer is <u>vicariously liable</u> for a hostile work environment created by a <u>supervisor</u>. Moreover, placing an employee under investigation without good cause; retaliation; contacting Exela's so-called Ethics Department on numerous occasions regarding discriminatory conduct of at least two Supervisors, apparently all fell on deaf ears and at least two adverse employment decisions concerning pay are in fact forms of harassment.

Additionally, and for at least two out of the three years of having been employed by Defendant Exela, Brian Johnson, Service Delivery Manager, was my immediate supervisor. In fact, Brian was involved in many instances of harassment, retaliation and discrimination targeting the Plaintiff.

"Agency"[here, Exela Enterprise as a company] Defined. Civil Code section 2295. "Agency is the relation that results from the act of one person, called the principal, who authorizes another, called the agent, to conduct one or more transactions with one or more third persons and to exercise a degree of discretion in effecting the purpose of the principal." (*L. Byron Culver & Associates v. Jaoudi Industrial & Trading Corp.* (1991) 1 Cal.App.4th 300, 304 [1 Cal.Rptr.2d 680].)

Principal's Responsibility for Acts of Agent [here, Exela Enterprise's agent(s)]. Civil Code section 2338. An agent 'is anyone who undertakes to transact some business, or manage some affair, for another, by authority of and on account of the latter, and to render an account of such transactions.' [Citation.] 'The chief characteristic of the agency is that of representation, <u>the authority to act for and in the place of the principal for the purpose of bringing him or her into legal relations with third parties.</u> [Citations.]' [Citation.] 'The significant test of an agency relationship is the principal's right to control the activities of the agent." D*aniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1171–1172 [201 Cal.Rptr.3d 390].)

SEVENTEENTH AFFIRMATIVE DEFENSE (Truth)
Plaintiffs defamation/libel/slander claims are barred to the extent any communications by Defendant regarding Plaintiff are accurate, true and/or privileged. For example, Defendant is informed and believes, and thereon alleges that Plaintiff's claims for defamation is based on Defendant's policies to investigate workplace complaints. Defendant is informed and believes and thereon alleges, that these policies are substantially true.

<u>In Reply</u>: Awkward enough, in regards to "any communications by Defendant regarding Plaintiff are accurate, true, and /or privileged." But yet, during discovery, Exela's Vice President of Human Resources made the following contradictory statement (*See attachments*):

> "I understand that former Exela employee Harris Winns alleges that Exela was conducting a confidential investigation of Mr. Winos during the fall of 2019, and seeks documents in Exela's possession relating to that alleged investigation. To my knowledge, Exela was not conducting an confidential investigation of Mr. Winns at any point during his employment with Exela, including the fall of 2019. As a result, to my knowledge, the Company does not control or possess any documents relating to a confidential investigation of Mr. Winns during the fall of 2019." – June 24th, 2021, at Irving, Texas."

> "I declare under penalty of perjury, under the laws of the state of California and the United States of America, that the foregoing is true and correct. Execute d this 24th day of June, 2021, at Irving, Texas."

But yet, lodged within the Defendant's "Initial Disclosures" that were sent to the Plaintiff on February 5th, 2021, Exela Enterprise's representative confidently stated the following:

> "Defendant is producing responsive, non-privileged documents in its possession, custody, and control.

> L. <u>Documents concerning investigation(s) of any complaint(s) about the plaintiff</u> or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

Unsurprisingly, here it is approximately six (6) months later, Defendant Exela has failed yet again to produce any documents in relation to an investigation targeting Mr. Winns as was promised in conjunction with General Order 71 and F.R.C.P. 34(a) "documents." Even further and pursuant to Order 71, Defendant Exela must "identify the persons" or employee responsible for initiating this so-called investigation and the central figure(s) or employees involved.

And as such, Defendants Exela's waffling positional statements constitutes fraud of the highest degree. Fed. R. Civ. P. 9(b) and Calif. Civ. Code - CIV § 3294(c)(3).

Winns v. Exela Enterprise Solutions Inc.

To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). (*Quoting Ferrington and Schmidt v. McAfee, Inc.*, Case No.: 10-CV-01455-LHK, N.D. Calif., Oct. 2010).

Additionally, Calif. Civ. Code - CIV § 3294(c)(3) "Fraud means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant [EEOC and US Postal Service] of thereby depriving a person of property or legal rights or otherwise causing injury."

"In order to plead a claim for punitive damages, a plaintiff must allege the defendant was guilty of malice, oppression, or fraud and the ultimate facts underlying such allegations. (Civ. Code, § 3294, subd. (a); *Clauson v. Super. Ct.* (1998) 67 Cal.App.4th 1253, 1255.) "'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." (Civ. Code, § 3294, subd. (c)(1).)" (Quoting *Richard Daly v. Victor Garcia*, et al. 19CV352764)

This affirmative defense of Exela Enterprise must also be struck, due to a lack of specificity, improperly pleaded and a violation of Rule8(a)(2), where "a short and plain statement of the claim showing that the pleader is entitled to relief." This simplistic defense must be rejected.

EIGHTEENTH AFFIRMATIVE DEFENSE
(Privileged Communications)
The alleged statements supporting Plaintiffs cause of action for defamation were privileged communications under California Civil Code 47 or privileged under California's litigation privilege doctrine because any statements made by Defendant, including those to California's Labor Commission and the EEOC, were made within the confines of an official proceeding authorized by law. As a result, Defendant is informed and believes, and thereon

Winns v. Exela Enterprise Solutions Inc.

alleges, that the purported defamatory comments, if any, it made regarding Plaintiff were privilege as a matter of law.

In Reply: "California Civil Code section 47(b) provides that "[a] privileged publication or broadcast is one made . . . [i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure." Cal. Civ. Code § 47(b). The privilege codified at section 47(b) "is not an evidentiary privilege. Rather, it is an immunity under California law from liability for certain types of conduct." *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1030 (N.D. Cal. 2011) (citing *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168 (1986)). Specifically, section 47(b) "preclud[es] use of the protected communications and statements as a basis for a tort action other than for malicious prosecution." *Moore v. Conliffe*, 7 Cal. 4th 634, 638 n.1 (1994).14 - (citing: Planned Parenthood Inc. v. Ctr. for Med. Progress; ND of Calif. Case 16-cv-00236-WHO (DMR)

What is noticeably absent here is privileged communication between a private company and the State of California's Labor Commission as the Defendant Exela's representative has averred above. Moreover, nor is the Labor Commission a "legislative" or "judicial" body. California's Civ. Code § 47(b) is very clear, not convoluted, which doesn't lend itself to slanderously cheap theatrics as Defendant Exela's asserted within the heading of their final, so-called meretricious affirmative defense. Additionally, Exela's slanderous comment that was "uttered" to the Labor Commission concerning Mr. Winns, [that he was under investigation] has nothing to do with "immunity" or "privilege communication," and therefore, Defendant Exela is immune from nothing and have placed themselves in an unprotected disposition as well.

This affirmative defense of Exela Enterprise must also be struck, due to a lack of specificity, improperly pleaded and a violation of Rule8(a)(2), where "a short and plain statement of the claim showing that the pleader is entitled to relief," and due to pleading matters that are central to the Plaintiff's case as opposed to an external or "extraneous" event(s).

As a matter fact, courts in this district continue to require affirmative defenses to meet the *Twombly/Iqbal* standard." *J & K IP Assets, LLC v. Armaspec, Inc.*, No. 17-cv-07308-WHO, 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018); *see, e.g., Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) ("I apply the *Twombly/Iqbal* pleading standard to affirmative defenses."); *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) ("[T]his Court and the majority of courts in this district have held that the heightened pleading standard of *Twombly* and *Iqbal*, which followed *Wyshak*, is now the correct standard to apply to affirmative defenses."); *Fishman v. Tiger Natural Gas Inc.*, No. 17-cv-05351-WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly/Iqbal* standard to affirmative defenses").

**WHEREFORE**, the Plaintiff **PRAY** and respectfully requests that this honorable court to once again strike each and every one of Defendant Exela's nonresponsive Answers and/or supposed affirmative defenses (1-18), in its entirety pursuant to FRCP 12(f) and for failing to contain sufficient facts to state a defense "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570), without leave to amend.

Respectfully submitted,

Harris L. Winns
Pro Se

Thursday, Oct. 21st, 2021

*Winns v. Exela Enterprise Solutions Inc.*