Harris L. Winns
San, Jose CA. 95122
*Plaintiff, Pro Se*

# United States District Court For the Northern District of California Oakland Division



| | |
|---|---|
| **HARRIS L. WINNS**<br>Plaintiff, an Individual<br>    vs.<br>**EXELA ENTERPRISE SOLUTIONS, INC.**<br>Defendant, Automation of Business Processes | Case No.: **20-cv-06762-YGR**<br><br>**MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Fed. R. Civ. P. 12(c)**<br>RE: Dkt. 72 |

**MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, the Plaintiff, Harris L. Winns, in *Pro Se* status. The Plaintiff appears before the Court and submits this motion for judgment on the pleadings. As it is here, the timing is such that, "the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c). On July 14th, 2021 Defendant Exela filed a boilerplate stuffed Answer or in the alternative, a total of nineteen meritless defenses, merely casted as affirmative defenses and eighty-five (85) paragraphs of Defendant Exela's "bare-bones, conclusory allegations."(Dkt. 57).

Indeed, rather than pleading as the Defendant should have, that is, to "plead matters that were extraneous" to the Plaintiff's prima face case, unsurprisingly, Exela Enterprise did just the opposite throughout their non-responsive Answer to the Plaintiff's First Amended complaint (FAC). "*Federal Deposit Ins. Co. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)

(citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)). Now, the Plaintiff's former employer must suffer the legal consequences thereof.

Defendant Exela Enterprise has relentlessly attacked the Plaintiff's case through negative defenses. Perhaps due to the Defendant being incapable of submitting to this Court, a legitimate, "short and plain statement of the claim showing that the pleader is entitled to relief;" whereas a responsive pleading must; "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(a)(2), (c)(1). The Ninth Circuit has long held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. Quite noticeable, the Defendant has failed to do so.

## STANDARD OF REVIEW

"A court may grant judgment on the pleadings where there are no issues of material fact and the moving party is entitled to judgment as a matter of law when taking the allegations in the pleadings as true. Gregg v. Haw. Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017) (citation omitted). This standard is "functionally identical" to the standard for determining a motion to dismiss under Rule 12(b)(6). Id."

"Accordingly, a court need not accept as true factual allegations that are conclusory or conclusions of law. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citation omitted)."As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile." *Finley v. Capital One*, No. 16-CV-01392-YGR, 2017 WL 1365207, at *2 (N.D. Cal. Apr. 14, 2017).(Quoting *Diaz v. Rescare* Inc., ET AL. 4:20-cv-01333-YGR, N.D. Calif., 2020).

A state of "futility" is exactly the disposition that the Defendant currently finds themselves. Exela Enterprise has quite vividly demonstrated to the Court their pointless or bright-line position of self-entrenched "futility" through the submission of pretty much the same non-responsive Answer on a total three separate occasions: [Dkt. #28], [Dkt. 57] and [Dkt. 72].

Moreover, each and every one of Defendant Exela's eighteen; dilapidated and negative defenses were attacks on the Plaintiff's *prima facie* case. And as a testament of strength and truthfulness; even after the smoke cleared from Exela's tireless volleys of useless defensive assaults, the Plaintiff, in full battle tested regalia, with complaint in hand, continues to stand boldly in defiance.

"Therefore, "the court must assume the <u>truthfulness</u> of the material facts alleged in the complaint, *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011), and "treat as false the allegations in the <u>Answer</u> that contradict" the complaint, *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). (*Gray v. Romero*, 1:13-cv-01473-DAD-GSA-PC, E.D. Calif., 20017). *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896F.2d 1542, 1550 (9th Cir.1989). *see* also *Savage v. Council On American-Islamic Relations, Inc.*,2008 WL 2951281 (N.D. Cal. 2008).

*WHEREFORE*, the Plaintiff **PRAY** and respectfully moves that this honorable court for "judgment on the pleadings," due to Defendant Exela's nonresponsive Answers and purported affirmative defenses. Fed. R. Civ. P. 12(c). Additionally, there are "no issues of material fact and the moving party is entitled to judgment as a matter of law when taking the allegations in the pleadings as true." *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

Respectfully submitted,

X _____
Harris L. Winns
Pro Se

Thursday, Oct. 21st, 2021