# JacksonLewis

Jackson Lewis P.C.
50 California Street, 9th Floor
San Francisco CA 94111
(415) 796-5451 Direct
(415) 394-9400 Main
(415) 394-9401 Fax
conor.dale@jacksonlewis.com
www.jacksonlewis.com

October 25, 2021

**VIA ELECTRONIC FILING**

The Hon. Yvonne Gonzalez Rogers
Oakland Courthouse
Courtroom 1- 4th Floor
1301 Clay Street
Oakland, CA 94612

> Re:   <u>Winns v. Exela Enterprise Solutions, Inc.</u>
>        United States District Court, Northern District of California
>        Case No. 4:20-cv-06762-YGR

Dear Judge Gonzales Rogers,

Pursuant to the Court's Standing Order in Civil Cases, this letter is Defendant Exela Enterprise Solution, Inc. statement addressing a discovery dispute in the above-referenced matter.  As discussed in more detail below, Defendant repeatedly attempted to meet and confer with Plaintiff in an attempt to avoid unilaterally filing this letter.

1. Defendant's statement of facts and authority

A litigant may depose a person, including a named plaintiff, without leave from the Court.  Federal Rule of Civil Procedure 30(a)(1).  A litigant must also meet and confer with a plaintiff if he is acting *pro se* regarding the scheduling of a deposition.  Northern District of California Local Rule 30-1.

The Court issued a scheduling order which, among other items set a non-expert discovery cut off deadline of October 29, 2021.  (See ECF Case Docket Doc. No. 44.)  Defendant and Plaintiff previously communicated, including regarding discovery, using the email address Plaintiff supplied for electronic service in this case – hwinns@gmail.com.

On September 24, 2021, Defendant informed Plaintiff of the need to take his deposition, and asked Mr. Winns for potential deposition dates during the weeks of October 11th, 18th, and 25th.  (*See* the Parties' discovery correspondence, attached as Ex. 1.)  Winns did not respond to this request, or a follow up email.

On October 6, 2021, Defendant offered to jointly stipulate to a potential continuance of the October 29, 2021 discovery cut-off date, provided Plaintiff with a draft joint stipulation for his review, and served a hard copy of these records to Plaintiff's mailing address.  Plaintiff did not respond to any of these communications.  On October 11, 2021, Defendant informed Plaintiff that it would simply notice his deposition as he had not responded to any of Defendant's communications.  He did not respond.

On October 12, 2021, Defendant served an electronic and hard copy of a notice of remote deposition to Plaintiff set for October 25, 2021 and October 26, 2021.  On October 13, 2021, Plaintiff responded to

JacksonLewis

The Hon. Yvonne G. Rogers
U.S. District Court
October 25, 2021
Page 2

Defendant via email to "implore" Defendant's counsel "to cancel the scheduled video-deposition…immediately" to prevent Defendant's counsel from incurring unnecessary expenses associated with Plaintiff's deposition. On the same day, Defendant thanked Plaintiff for responding, informed him that it would need to depose Plaintiff to proceed with the case, asked Plaintiff if he needed to reschedule the noticed deposition for a more convenient time, and asked if Plaintiff was instead simply objecting to appearing. Plaintiff did not respond, and Defendant sent Plaintiff another request for clarification on October 17, 2021.

In response, Plaintiff simply asserted that he had "already answered" Defendant's question. In reply, Defendant apologized, and asked for clarification regarding whether Plaintiff requested a cancellation because he was unavailable on the noticed deposition dates or if he was simply objecting to appearing, with Plaintiff eventually simply asserting that Defendant's counsel may "have different definition of the word 'clarification' that is unbeknownst to" Plaintiff and that "in any event, clarity has already been provided."

Defendant provided Plaintiff with log in instructions for the noticed deposition on October 25, 2021. In response, Plaintiff informed Defendant that Defendant "may as well STOP emailing" Plaintiff "in regards to an oral deposition" as Plaintiff "already provided…an answer." Defendant informed Winns that, based on his response, he was refusing to appear for a noticed deposition and that Defendant would prepare a joint discovery letter for the Court's review regarding this dispute.

Defendant prepared a draft joint discovery dispute letter for plaintiff's review and requested that Plaintiff attend a virtual meeting to discuss the discovery dispute on October 22 or October 25. (Ex. 1 at pages 1-2.) Plaintiff did not respond to his request or add any portions to the proposed joint discovery dispute letter. He also ignored Defendant's follow up communications regarding the discovery dispute on October 23 and October 25. (Ex. 1.)

2. Plaintiff's statement of facts and authority

As discussed above, Defendant repeatedly contacted Plaintiff regarding his portions of the joint discovery dispute letter and to attend the related in-person conference. Plaintiff ignored each of these requests.

3. Conclusion

For the reasons discussed above, Defendant requests the Court order Plaintiff to appear for deposition with thirty (30) days on a mutually agreed-upon date. Defendant's counsel shall make itself available should the Court desire a conference call to discuss the issue.

Respectfully jointly submitted,

*/s/ Conor J. Dale*

Conor Dale
Counsel for Defendant

CD/lea
Attachment

4862-2048-6656, v. 1