1

2

3                                      **NOT FOR PUBLICATION**

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    HARRIS LEE WINNS,                          Case No.  4:20-cv-06762-YGR

8                    Plaintiff,                  ORDER DENYING MOTION FOR RELIEF
                                                 FROM NONDISPOSITIVE PRETRIAL ORDER
9          v.                                    OF MAGISTRATE JUDGE

10   EXELA ENTERPRISE SOLUTIONS, INC.            Dkt. No. 83
                    Defendant.
11

12         Before the Court is the Motion for Relief from Nondispositive Pretrial Order of Magistrate

13   Judge filed by *pro se* plaintiff Harris Winns.  (Dkt. No. 83.)  Pursuant to Federal Rule of Civil

14   Procedure 72 and Civil Local Rule 72-2, plaintiff challenges Magistrate Judge Beeler's order

15   extending the fact discovery cutoff and ordering plaintiff to complete his deposition within 30

16   days.  Having carefully reviewed the parties' submissions and the record in this case, the Court

17   DENIES plaintiff's motion for the reasons stated herein.

18                                            ***

19         Plaintiff has identified the proper legal standard for reviewing a nondispositive order.  This

20   standard is not easily satisfied because it affords the magistrate judge significant deference.

21   *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the

22   Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is

23   entitled to great deference by the district court.").  Indeed, "the reviewing court may not simply

24   substitute its judgment for that of the deciding court."  *Grimes v. City & Cnty. of San Francisco*,

25   951 F.2d 236, 241 (9th Cir. 1991).  The district court may only set aside those factual

26   determinations if it is left with a "definite and firm conviction that a mistake has been committed."

27   *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also Wolpin v. Philip Morris

28   Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th

United States District Court
Northern District of California

United States District Court
Northern District of California

Cir. 1992).

As a threshold issue, motions for relief from nondispositive pretrial orders may not exceed five pages.  Plaintiff's motion includes seven pages of text.  This Court may strike motions that violate the local rules, standing orders, and general orders of the Court.  Plaintiff is warned that he must comply going forward.

Plaintiff's contention that this Court's discovery referral was improper is foreclosed by statute.  *See* 28 U.S.C. § 636((b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]").  Discovery disputes are pretrial matters.

Magistrate Judge Beeler's short extension of the fact discovery cutoff was proper.  "A schedule may be modified only for good cause and with the judge's consent.:  Fed. R. Civ. P. 16(b)(4).  The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion."  *C.F. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (omission in original) (internal quotation marks omitted)).  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification."  *Johnson*, 975 F.2d at 609.  Defendant sought a modification due to plaintiff's refusal to cooperate with deposition scheduling.  This establishes good cause.  *Cf. C.F. Capistrano Unified Sch. Dist.*, 654 F.3d at 984 (affirming modification where there was no bad faith or dilatory purpose motivating request).

Requiring plaintiff to sit for his deposition is proper.  Pursuant to Federal Rule of Civil Procedure 30(a) "[a] party may, by oral questions, depose any person, ***including a party***, without leave of court except as provided in Rule 30(a)(2)."  (emphasis supplied).

**Plaintiff is warned that failure to comply with discovery obligations and court orders could result in sanctions, including a dismissal of plaintiff's case.**  *See also Lowry v. Metro Bd. MTBS*, Nos. 09cv00882, 09cv00898 BTM (WVG), 2013 U.S. Dist. LEXIS 110744, at *5-6 (S.D. Cal. Aug. 5, 2013) (dismissing case where plaintiff "refused to cooperate with Defendants' attempts to conduct discovery, and otherwise has made it next to impossible for Defendants to

garner information about Plaintiff's case").

***

Based on the foregoing, the Court concludes that Judge Beeler's pretrial order is not clearly erroneous and therefore **DENIES** the motion for relief therefrom.  Plaintiff is **ORDERED** to sit for his deposition.

This Order terminates Docket Number 83.

**IT IS SO ORDERED.**

Dated: November 4, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California