UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIS LEE WINNS,<br><br>    Plaintiff,<br><br>v.<br><br>EXELA ENTERPRISE SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 4:20-cv-06762-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PURPORTED AFFIRMATIVE DEFENSES; ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 73, 75 |

The Court has reviewed the briefing on the current pending motions: a motion to strike defendant's purported affirmative defenses and a motion for judgment on the pleadings filed by *pro se* plaintiff Harris Lee Winns. (*See* Dkt. Nos. 73, 75.) Having carefully reviewed the record, the papers submitted on each motion, and for the reasons set forth more fully below, the Court **HEREBY ORDERS** as follows: (1) the motion to strike affirmative defenses raised in defendant Exela Enterprise Solutions, Inc.'s amended answer is **GRANTED IN PART AND DENIED IN PART**; and (2) the motion for judgment on the pleadings is **DENIED**.[1]

**I. Background**

The Court assumes familiarity with the factual background of the case. However, the procedural posture is worth highlighting to the extent it bares on the motions pending before the Court. Plaintiff filed his first amended complaint on June 30, 2021. (Dkt. No. 56.) The first amended complaint includes at least twelve causes of action raised under federal and state law. Defendant answered the first amended complaint on July 14, 2021. (Dkt. No. 57.) Plaintiff then

---

[1] Plaintiff did not notice the motions consistent with the Civil Local Rules so no hearing has been set on these motions. However, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the motions are appropriate for decision without oral argument.

moved to strike defendant's purported affirmative defenses and for a judgment on the pleadings. (Dkt. Nos. 58, 60). Defendant opposed both motions with a cursory analysis. (Dkt. Nos. 63, 64.) In light of the defendant's failure to adequately oppose the motion to strike, and given plaintiff's *pro se* status, the Court granted plaintiff's motion to strike. (Dkt. No. 70.) The motion for judgment on the pleadings was denied because the defendant was given leave to amend the answer. (*Id.*)

Defendant filed an amended answer on October 18, 2021. (Dkt. No. 72.) Within three days, plaintiff refiled the motion to strike the purported affirmative defenses and the motion for judgment on the pleadings. (Dkt. Nos. 73, and 75.) These motions are substantially similar to those previously filed by the plaintiff. While defendant's have opposed both motions, the plaintiff has not filed a reply. Plaintiff's failure to reply does not change the outcome of the pending motions.

**II.     Motion to Strike Defendant's Purported Affirmative Defenses**

   **A.  Legal Standard**

Federal Rule of Civil Procedure 12(f) allows a court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. A court may grant a motion to strike where "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 U.S. Dist. LEXIS 1817, 2018 WL 288085, at *5 (N.D. Cal. Jan. 4, 2018) (citation omitted). The purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Further, because Rule 12(f) motions ***are disfavored***, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting Cal. *Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (citation

United States District Court
Northern District of California

omitted). It is within the sound discretion of the district court whether to grant a motion to strike. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

"An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in [the] complaint are true." *Bay Area Roofers Health & Welfare Tr. v. Sun Life Assurance Co. of Can.*, No. 13-CV-04192-WHO, 2013 U.S. Dist. LEXIS 178502, at *5 (N.D. Cal. Dec. 19, 2013) (citation omitted). A defense that "demonstrates a plaintiff has not met its burden of proof," or that "merely negates an element that [a plaintiff] was required to prove" is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). In pleading affirmative defenses, a defendant must allege sufficient facts to "nudge[] their [legal] claims across the line from conceivable to plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (applying the plausibility standard to affirmative defenses). While this standard does not require extensive factual allegations, mere labels and conclusions do not suffice to put a plaintiff, especially *pro se*, on notice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When determining the legal sufficiency of an affirmative defense on a motion to strike, the court "may not resolve disputed and substantial factual or legal issues in deciding" the motion. *Whittlestone, Inc.*, 618 F. 3d at 973.

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

### B. Discussion

Plaintiff moves to strike **all of** the affirmative defenses raised in the defendant's amended answer. This is the second motion of its kind and parts of plaintiff's motion are a copy and paste of inapplicable portions of plaintiff's previous motion. For example, plaintiff's motion does not address the text of defendant's amended answer with respect to the third, fourth, fifth, seventh, eighth, ninth, and tenth affirmative defenses. It also completely fails to address any of the facts alleged in the amended answer. The Court considered sanctioning plaintiff for the filing of a

3

frivolous and harassing motion which did not meet the basic standards of such a disfavored motion. However, as noted below, defendant is equally at fault. Plaintiff is **<u>hereby warned</u>** that the Court will deal with any such similar filings in the future summarily and may *sua sponte* inquire on the appropriateness of sanctions. Not surprisingly, defendant's opposition is once again a boilerplate rejection of plaintiff's arguments with little legal analysis. Defendant is **<u>hereby warned</u>** that it should not summarily reject plaintiff's arguments simply because he is *pro se*. As demonstrated in this Order, plaintiff raises meritorious arguments. Defendant's approach already resulted in a concession of arguments in plaintiff's first motion to strike affirmative defense.

Both parties' tactics impose substantial burdens on the Court where motions to strike are disfavored. Nevertheless, the Court addresses each purported affirmative defense in turn.

### i. Failure to State a Claim

As plaintiff argued in its motion, failure to state a claim is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case."). Defendant does not address this argument in its opposition and effectively concedes the point. Accordingly, the Court **GRANTS** plaintiff's motion to strike defendant's failure to state a claim defense without leave to amend, but defendant is not barred from raising an otherwise valid motion pursuant to Rule 12.

### ii. Failure to Exhaust Administrative Remedies

Plaintiff erroneously argues that failure to exhaust administrative remedies is not an affirmative defense. *See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) ("Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading and proving it." (citation omitted)). Moreover, plaintiff's motion to strike effectively concedes that the allegations provide sufficient notice with respect to the EEOC investigation since plaintiff quotes correspondence from that investigation in order to refute defendant's assertion. Resolving fact disputes is improper on a motion to strike. *Whittlestone, Inc.*, 618 F. 3d at 973. Accordingly,

1  the Court **DENIES** plaintiff's motion to strike defendant's failure to exhaust administrative
2  remedies defense.

### iii. Equitable Doctrines

Defendant's third affirmative defense alleges that plaintiff's causes of action are "barred under doctrine of laches, consent, waiver, estoppel and unclean hands." (Dkt. No. 72 at 30.) These are typical and well established affirmative defenses. However, the additional facts that defendant has alleged do not provide sufficient notice of the defenses and makes it difficult to decipher what defense the defendant is actually raising. For instance, defendant alleges "Plaintiff acted inequitably . . . including, but not limited to, unreasonable delay in bringing the instant lawsuit and/or refusing Defendant's efforts to assist Plaintiff in mitigating his alleged damages." (*Id*.) It further alleges that "any of Plaintiff's claims based on wages he received from Defendant lack merit because Plaintiff expressly consented to that wage rate, and therefore his claims are estopped, waived, and/or barred by doctrine of laches." (*Id*.) Plaintiff objected to this approach on the basis that it "improperly and confusingly combines several defenses under a single heading rather than pleading them separately and showing which apply, per Fed. R. Civ. P. 8." (Dkt. 73 at 12 (citation omitted)). Defendant did not address this point and effectively concedes the argument.

In any event, the Court agrees with plaintiff. For instance, the defendant alleges that the wage rate was consented to and is therefore barred by the doctrine of laches. Based on defendant's own pleading these are different doctrines. Therefore, sufficient notice has not been provided. Accordingly, the Court **GRANTS** plaintiff's motion to strike the equitable doctrines defense with leave to amend. Defendant is cautioned to avoid duplication.

### iv. Exclusive Remedy

Defendant alleges that plaintiff's claims for "emotional damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act. *See* California Labor Code section 3600 *et seq*." (Dkt. No. 72 at 30.) Plaintiff properly cited authority that California's Workers' Compensation Act

5

does not preclude employees from recovering on discrimination claims.  *See, e.g.*, *Maynard v. City of San Jose*, 37 F.3d 1396, 1405-06 (9th Cir. 1994) ("Personal injury claims that implicate fundamental public policy considerations are not preempted by the Workers' Compensation Act."); *Buckley v. Gallo Sales Co.*, 949 F. Supp. 737, 746 (N.D. Cal. 1996) (holding that the exclusive remedy provisions do not preclude employees from pursing discrimination claims under FEHA).  Defendant did not state any opposition to these points raised by plaintiff and effectively conceded the argument.  Accordingly, the Court **GRANTS** plaintiff's motion to strike the exclusive remedy defense without leave to amend.

### v. Internal Remedies

Defendant asserts that each of plaintiff's causes of action are "barred in whole or in part because Defendant had in place internal complaint policies and procedures, including policies and procedures prohibiting unlawful discrimination and retaliation and, upon information and belief, Plaintiff failed to avail himself of available internal remedies before bringing this lawsuit."  (Dkt. No. 72 at 30.)  Defendant further alleges based upon information and belief "that it provided plaintiff with express written instructions to immediately report any perceived instances of discrimination . . . and that Plaintiff failed to notify Defendant of all of the alleged acts of discrimination[.]"  (*Id*. at 30-31.)  The Court notes that the defense is subtitled "Internal Remedies" though the information within the defense seems to indicate that plaintiff never complained of the conduct at issue.  Based on the allegations, it is unclear exactly what internal remedies were available and what they required.  Thus, defendant has not provided a sufficient or plausible factual basis for the defense.  Accordingly, the Court **GRANTS** plaintiff's motion to strike the internal remedies defense with leave to amend.

### vi. After-Acquired Evidence

The after-acquired evidence defense enables a defendant to limit damages if discovery reveals the plaintiff committed a terminable offense before the alleged wrongful termination.  *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759 (9th Cir. 1996).  Plaintiff argues that in *McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352, 360-361 (1995), the United States Supreme Court held that the after-acquired evidence defense does not bar a plaintiff

6

from pursuing all relief when discharged in violation of the ADEA. Defendant fails to address this point in opposition. However, the Ninth Circuit has explained that "*McKennon* did not explicate how after-acquired evidence should be treated in every situation, leaving this issue to be addressed by the judicial system in the ordinary course of further decisions." *O'Day*, 79 F.3d at 759 (internal quotation marks and citation omitted). This defense inherently prevents a defendant from answering with specific facts because discovery must reveal a terminable offense. Therefore, the defendant has adequately pled its after-acquired evidence defense. Accordingly, the Court **DENIES** plaintiff's motion to strike the after-acquired evidence defense.

### vii. Legitimate Non-Discriminatory Reasons

Plaintiff's motion argues that this defense is not actually an affirmative defense. Defendant's do not address this argument in opposition and effectively conceded the point. In any event, plaintiff is correct. Any "defense which demonstrates that a plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic*, 302 F.3d at 1087. Defendant's claim that it had legitimate grounds for terminating plaintiff's employment, as well as plaintiff's rate of pay, does not act as an independent defense. Instead, the assertion challenges plaintiff's ability to show that defendant acted because of plaintiff's protected status. Nevertheless, courts deny motions to strike when there is no prejudice resulting from the defense. *See, e.g.*, *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 U.S. Dist. LEXIS 55487, at *6-7 (N.D. Cal. Apr. 11, 2017) (collecting cases). The termination and pay rate are central issues of this case. Leaving in the defense will not prejudice plaintiff since discovery on this issue is inevitable. Accordingly, the Court **DENIES** plaintiff's motion to strike defendant's legitimate non-discriminatory reasons defense.

### viii. Justified Criterion

As a threshold issue, plaintiff's motion is not directed at the factual allegations in the amended answer. However, liberally construing the motion, plaintiff objects that "justified criterion" is not an affirmative defense. Again, defendant does not address this specific point. Nevertheless, plaintiff's argument does not persuade. The Equal Pay Act identifies four statutory

exceptions to its equal-pay mandate.[2]  "The EPA's four exceptions operate as affirmative defenses." *Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020).  Thus, the affirmative defense is sufficient at this stage.  Accordingly, the Court **DENIES** plaintiff's motion to strike defendant's justified criterion defense.

### ix.  Privileged, Good Faith, and Justified Conduct

Again, plaintiff's motion is not directed at the factual allegation in the amended answer.  Defendant has again failed to address the specific arguments raised by plaintiff's motion.  The defense invokes California Labor Code section 2922, which states that "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other."  Cal. Labor Code § 2922.  The crux of the defendant's affirmative defense is that its conduct was justified given the at-will employment contract.  (Dkt. No. 72 at 32.)  While not affirmatively raised in the papers, the Court notes that "[a]t will employment is not a defense to a termination for discriminatory reasons." *Equal Emp't Opportunity Comm'n v. Cal. Psychiatric Transitions, Inc.*, 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010); *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir. 2003) (holding that employers may not terminate at-will employees for reasons that violate public policy).  Accordingly, the plaintiff's motion to strike the privilege, good faith, and justified conduct defense is **GRANTED** without prejudice to the defendant presenting relevant evidence of plaintiff's at-will employment status.

### x.  Avoidable Consequences

Plaintiff argues that the avoidable consequences defense is not an affirmative defense.  This is not so.  "The defendant bears the burden of pleading and proving a defense based on the avoidable consequences doctrine." *State Dep.t of Health Servs. v. Superior Court*, 31 Cal. 4th 1026, 1044 (2003).  Thus, inclusion of the affirmative defense is consistent with defendant's pleading burden.  Plaintiff's other objection relates to the factual basis provided in the initial answer that the Court previously struck.  Plaintiff's objection here is not directed at the facts

---

[2] The four identified exception are: "where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1).

8

included in the amended answer and is improper. Accordingly, the Court **DENIES** plaintiff's motion to strike the avoidable consequences defense.

### xi. Failure to Mitigate

Plaintiff objects to this defense on the basis that "this defense is pure comedy at best." (Dkt. No. 73 at 18.) While plaintiff may disagree with the facts as alleged, that is not a basis to strike the defense. Courts routinely permit the pleading of a failure to mitigate defense without specific factual allegations prior to the completion of discovery. *See Fabian v. LeMahie*, No. 4:19-cv-00054-YGR, 2020 U.S. Dist. LEXIS 109013, at *13-14 (N.D. Cal. June 19, 2020) (collecting case and denying motion to strike failure to mitigate defense). Accordingly, the Court **DENIES** plaintiff's motion to strike the failure to mitigate defense.

### xii. Same Decision

Defendant's same decision defense would preclude plaintiff's monetary damages, even if there is a finding of discrimination or retaliation, if "Defendant would have made the same decision to lay Plaintiff off in any case without regard to Plaintiff's protected status." (Dkt. No. 72 at 33.) Plaintiff's motion does not dispute the existence of this defense and cites to case law confirming its existence. Instead, plaintiff's objection is concerned with the application of the defense to the facts of his case. (Dkt. No. 73 at 18-19.) The Court does not resolve factual disputes on a motion to strike. Plaintiff has not offered a proper basis to strike the same decision defense. Accordingly, the Court **DENIES** plaintiff's motion to strike the same decision defense.

### xiii. No Malice, Oppression, or Fraud/Punitive Damages Unconstitutional

Defendant's thirteenth and fourteenth affirmative defenses concern the viability of punitive damages. This is a legal defense. Plaintiff's motion is concerned with defendant's conduct as applied to the facts of his case and not the sufficiency of the responsive pleading. Therefore, plaintiff has not met his burden that defendant's responses should be stricken. Accordingly, the Court **DENIES** plaintiff's motion to strike the thirteenth and fourteenth affirmative defenses.

### xiv. No Attorney's Fees

The subtitle of this defense is entitled "No Attorney's Fees." (Dkt No. 72 at 34.) However, the body of the defense asserts that "[t]o the extent Plaintiff seeks compensatory and/or

9

1  punitive damages and/or attorney's fees, Plaintiff is not entitled to them because Defendant did not
2  engage in unlawful, reckless, willful, wanton, or malicious conduct towards Plaintiff or with intent
3  to injure him and Plaintiff is representing himself in this matter." Based on the conclusory
4  allegations, it is unclear exactly what the scope of this defense is, especially for a *pro se* plaintiff.
5  Thus, defendant has not provided a sufficient or plausible factual basis for the defense.
6  Furthermore, the award of attorney fees is not an affirmative defense because it does not preclude
7  the liability of defendant. *Barnes*, 718 F. Supp. 2d at 1174 ("The award of attorney's fees does
8  not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of
9  the cause of action."). Accordingly, the Court **GRANTS** plaintiff's motion to strike the "No
10 Attorney's Fees" defense without leave to amend and without any prejudice to the defendant to
11 challenge any future award of fees.

### xv. No Vicarious Liability

13 Vicarious liability is an affirmative defense in hostile work environment cases. *See State*
14 *Dep't of Health Servs.*, 31 Cal. 4th at 1040 (discussing the standard for supervisor liability under
15 FEHA as it applies in harassment cases). At this stage, plaintiff has not met his burden to
16 demonstrate that the defense is immaterial. His citation to relevant legal authority also
17 demonstrates that he has sufficient notice of the defense. Accordingly, the Court **DENIES**
18 plaintiff's motion to strike the no vicarious liability defense.

### xvi. Truth

20 In short, defendant's truth defense asserts that the "defamation/libel/slander claims are
21 barred because all of Defendant's communications to or regarding Plaintiff were accurate, true
22 and/or privileged." (Dkt. No. 72 at 35.) "In defamation actions generally, factual truth is a
23 defense which it is the defendant's burden to prove." *City of Costa Mesa v. D'Alessio*
24 *Investments, LLC*, 214 Cal. App. 4th 358, 378 (2013) (citation omitted). Plaintiff's motion
25 prematurely attacks the evidentiary merits of defendant's defense. *See Vora v. Equifax Info.*
26 *Servs., LLC*, No. SACV 19-00302 AG (KESx), 2019 U.S. Dist. LEXIS 125350, at *7 (C.D. Cal.
27 May 29, 2019) (rejecting motion to strike on basis that factual challenge was premature).
28 Accordingly, the Court **DENIES** plaintiff's motion to strike the truth defense.

   **xvii. Privileged Communication**

Defendant asserts that "[t]he alleged statements supporting Plaintiff's cause of action for defamation were privileged communications under California Civil Code § 47 or privileged under California's litigation privilege doctrine because any statements by Defendant, including those to California's Labor Commission and the EEOC, were made within the confides of an official proceeding authorized by law. As a result, Defendant is informed and believes, and thereon alleges, that the purported defamatory comments, if any, it made regarding plaintiff were privileged as a matter of law." (Dkt. No. 72 at 35.) Plaintiff has cited relevant legal authority in opposition to defendant's invocation of the privilege defense demonstrating that sufficient notice was provided. While defendant failed to address plaintiff's argument that that the Labor Commission is not a "legislative" or "judicial" body, plaintiff's argument does not change the result. California Civil Code section 47(b) applies to "any other official proceeding authorized by law" and has been interpreted as applying to government agencies. *See* Cal. Civ. Code § 47(b); *Cruey v. Gannett Co.*, 64 Cal. App. 4th 356, 368 (1998) (holding that the privilege applied to investigative communications with the EEOC). Accordingly, the Court **DENIES** plaintiff's motion to strike the privileged communication defense.

**III. Motion for Judgment on the Pleadings**

This is plaintiff's second motion for judgment on the pleadings. It appears to be the same motion that this Court already denied. Nothing has changed that requires a different result. "[U]nder Federal Rule of Civil Procedure 12(c), a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses." *Pit River Tribe v. BLM*, 793 F.3d 1147, 1159 (9th Cir. 2015). This was done here and the Court is permitting defendant leave to amend its amended answer for a second time. Therefore, the motion for judgment on the pleadings is **DENIED**.

**IV. Conclusion**

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

 (1) The motion to strike is **DENIED** as to the following affirmative defenses: Number Two (Failure to Exhaust Administrative Remedies); Number Six (After-acquired

11

Evidence); Number Seven (Legitimate, Non-discriminatory Reasons); Number Eight (Justified Criterion); Number Ten (Avoidable Consequences); Number Eleven (Failure to Mitigate); Number Twelve (Same Decision); Number Thirteen (No Malice, Oppression, or Fraud); Number Fourteen (Punitive Damages Unconstitutional); Number Sixteen (No Vicarious Liability); Number Seventeen (Truth); and Number Eighteen (Privileged Communications);

(2) The motion to strike is **GRANTED** without leave to amend as to the following affirmative defenses: Number One (Failure to State a Cause of Action); Number Four (Exclusive Remedy); Number Nine (Privileged, Good Faith, Justified Conduct); and Number Fifteen (Attorney's Fees);

(3) The motion to strike is **GRANTED** with leave to amend as to the following affirmative defenses: Number Three (Equitable Doctrines) and Number 5 (Internal Remedies); and

(4) The motion for judgment on the pleadings is **DENIED**.

Defendant shall file a second amended answer within fourteen (14) days of the date of this Order. Plaintiff is prohibited from filing a motion to strike with respect to defendant's amendment to those two affirmative defenses without permission from the Court. Plaintiff is also prohibited from filing a motion for judgment on the pleadings without permission from the Court.

This Order terminates Docket Numbers 73 and 75.

**IT IS SO ORDERED.**

Dated: December 1, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**